## WHITE POULTRY SUPPLY, INC. *v.* BROWER MANUFACTURING CO.

73-127 & 73-150                    500 S.W. 2d 927

Opinion delivered November 13, 1973

*David R. Malone,* for appellant.

*Wade, McAllister, Wade & Burk, P.A.,* for appellee.

LYLE BROWN, Justice. These two appeals, No. 73-127 from the Washington Chancery Court and No. 73-150 from the Washington Circuit Court, were consolidated for purposes of briefing and submission. The cases are so interrelated that they cannot be segregated for discussion. In the chancery case the court approved the findings of a master which concluded that appellant, White Poultry Supply, Inc., was indebted on account to

appellee, Brower Manufacturing Co.; in the sum of $83,-565.79. It is White Poultry's contention for reversal of the chancery case that the chancery court was without jurisdiction. Following the finding in chancery, the circuit court granted Brower Manufacturing's motion for summary judgment in accordance with the finding of the master in chancery. (The judgment was slightly less than the finding of the master, being based on the amount sued for.) White Poultry here contends that at the time the judgment was granted, the circuit court was without jurisdiction over the accounting action. In addition to challenging the merits of White Poultry's points for reversal, Brower Manufacturing contends that we should modify and affirm the chancery court with directions to enter judgment in that case, or we should grant Brower Manufacturing's motion to dismiss White Poultry's appeal in the chancery case for want of a final judgment and affirm Brower Manufacturing's judgment rendered in the circuit court case.

This litigation was initially instituted in the chancery court. White complained its business had a gross income in excess of $75,000 annually; that it bought from Brower substantial supplies each year in connection with White's business of retailing equipment and supplies used in the poultry, livestock, dairy and other agricultural industries; that White had returned consigned merchandise to Brower in the approximate sum of $27,-000 and had not received credit; and that White had made a payment of $15,000 and had not received credit therefor. (White also included in its complaint, allegations in tort and breach of contract.) White conceded that it was indebted to Brower but was unable to state the amount of debt with certainty. White asked that Brower be required to state the account after allowing all credits due it. In May 1971 the chancery court transferred White's cause of action to the circuit court.

In September 1971 Brower filed in circuit court a counterclaim against White on a statement of account in the sum of $83,445.42. White countered that Brower was indebted to White in the sum of $10,099.80. White again asked that Brower be required to file an accounting

between the parties covering a specified period of time. White also alleged that the claim of Brower for $83,445.-42 was incorrect and White filed its version of the status of the account between the parties.

In March 1972 Brower filed a motion in circuit court to transfer to chancery. The circuit court retained jurisdiction of the tort and contract actions and transferred the claim and counterclaim for accounting to the chancery court. The chancery court accepted jurisdiction over the objection of White, the latter contending that the cause of action was not in equity jurisdiction and that jurisdiction was vested in the law court.

In May 1972 the chancery court appointed a master in chancery to state an account between the parties and report to the court. The master's accounting was filed in December 1972, finding that Whte was indebted to Brower in the amount of $83,565.79 and that Brower was not indebted to White. That sum was $120.37 in excess of the amount for which Brower sued White. White filed no exceptions to the master's report.

On February 7, 1973, Brower filed a motion in chancery to confirm the master's report. White did not respond to the motion. Thereupon the chancery court on February 26, 1973, entered an order confirming the master's report. White appealed here from the order of confirmance and that case was docketed as No. 73-127. Brower filed here a motion to dismiss the White appeal. The motion was denied but "without prejudice to appellee [Brower] to raise the appealability of the order when case heard on merits."

On February 27, 1973, Brower filed in the circuit court case a motion for summary judgment on its counterclaim for $83,445.42. The motion was supported by pleadings, affidavit of Brower's secretary, the master's report, order in chancery court confirming the master's report, and a request for admissions of fact propounded by Brower to White which were unanswered. White responded that the action taken in chancery was irregular; that the action of the chancery court had been

appealed to the supreme court; that the circuit court had no jurisdiction over the master's report because it would not become final until the appeal to the supreme court had been decided. The circuit court ruled that it had jurisdiction over the parties and subject matter, that there was no material question of fact to be resolved, and that judgment should be entered, which was accordingly done on April 20, 1973. The amount of the judgment was for $83,445.42.

On May 16, 1973, White dismissed without prejudice its claims pending in the circuit court sounding in tort and contract. On the same day White filed notice of appeal from the summary judgment and that appeal is docketed here at 73-150. That left no matters pending in the circuit and chancery courts except those matters now before this court on appeal:

1. The motion of Brower to dismiss the White appeal from the order of the chancery court confirming the master's report.

2. The White appeal from the order of the circuit court granting Brower's motion for summary judgment. (No. 73-150)

3. The White appeal from the order of the chancery court confirming the master's report. (No. 73-127)

So much for the facts. The summary judgment (73-150) awarded Brower in the circuit court is reversed. That is because the judgment was based on the account between the parties; at the time summary judgment was rendered, that phase of the case was, and still is, in the chancery court. White's appeal in No. 73-127 (the chancery case) is dismissed for want of a final judgment. Our holdings above recited leave only the issue of accounting between the parties to be litigated, which, as we have said, is presently pending in the chancery court.

It is so ordered.